## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| KENDALL JOHNSON, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| MAC'S WRECKER SERVICE, INC., ANGELA MCELWANEY SCADRON, and BLAKE SMITH, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Kendall Johnson files this complaint against Defendants Mac's Wrecker Service, Inc. ("Mac's Wrecker Service"), Angela McElwaney Scadron, and Blake Smith (collectively "Defendants"). Defendants employed Plaintiff as a Driver and Dispatcher. In violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week. Instead, Defendants paid Plaintiff a flat weekly rate regardless of the actual hours worked, as well as certain commissions. Plaintiff also asserts claims against Mac's Wrecker Service under Georgia law for breach of contract for failure to pay all

earned commissions, and, in the alternative, *quantum meruit*, promissory estoppel, and unjust enrichment.  Finally, Plaintiff asserts claims against Mac's Wrecker Service for reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 related to Plaintiff's state law claims.  Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1.      Pursuant to the FLSA, Plaintiff is entitled to (i) unpaid overtime wages for time he worked in excess of 40 hours per week without payment at one-and-one half his regular rate; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs.

2.      Plaintiff also brings five (5) claims under Georgia law against Mac's Wrecker Service.  First, Plaintiff asserts a claim for breach of contract arising from Mac's Wrecker Service's failure to regularly pay Plaintiff the full amount of earned commissions to which he was contractually entitled.  In the alternative, Plaintiff asserts claims for *quantum meruit*, promissory estoppel, and unjust enrichment. Plaintiff additionally asserts a claim against Mac's Wrecker Service for his expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11 related to his state law claims.

**JURISDICTION AND VENUE**

3.     Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's FLSA claims.

4.     Pursuant to U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state law claims because such claims relate to Plaintiff's employment with Defendants and Defendants' compensation practices, and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

5.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where Mac's Wrecker Service has its principal office address, and where Defendants employed Plaintiff.

**PARTIES**

6.     Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

7.     Plaintiff is a former employee of Defendants.  Defendants employed Plaintiff from on or about May 27, 2015, until August 3, 2022.  Plaintiff worked for Defendants as a Driver and Dispatcher.

8.     Plaintiff was Defendants' "employee" within the meaning of the FLSA

3

at all times relevant to this Complaint.

9.      Mac's Wrecker Service is a for-profit corporation with its principal place of business at 7813 Taylor Road, Riverdale, Georgia 30274.

10.     Defendants regularly do business in the Atlanta Division of the Northern District of Georgia.

11.     Mac's Wrecker Service may be served with process through its registered agent for service of process, Angela McElwaney Scandron, at 7813 Taylor Road, Riverdale, Georgia 30274.

12.     Defendants were Plaintiff's "employer" under the FLSA at all times relevant to this Complaint.

13.     On information and belief, Mac's Wrecker Service had gross annual revenues in excess of $500,000 at all times relevant to this Complaint.

14.     On information and belief, Mac's Wrecker Service's gross annual revenue is generated by earnings from both towing and/or wrecking contracts as well as quarterly auctions.

15.     On information and belief, Defendant Angela McElwaney Scadron is an owner of Mac's Wrecker Service, conducts business in the Northern District of Georgia, and is a Georgia resident.

16.     On information and belief, Defendant Blake Smith is an owner of

4

Mac's Wrecker Service, conducts business in the Northern District of Georgia, and is a Georgia resident.

17.     At all relevant times, Defendant Angela McElwaney Scadron was Plaintiff's "employer" within the meaning of the FLSA because Defendant Scadron: asserted control of Mac's Wrecker Service's day-to-day operations; shared ultimate responsibility for the supervision of Plaintiff with Defendant Smith; and made the decision not to pay Plaintiff overtime wages, in violation of the FLSA.

18.     At all relevant times, Defendant Blake Smith was Plaintiff's "employer" within the meaning of the FLSA because Defendant Smith: asserted control of Mac's Wrecker Service's day-to-day operations; shared ultimate responsibility for the supervision of Plaintiff with Defendant Scadron; and made the decision not to pay Plaintiff overtime wages, in violation of the FLSA.

19.     At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206, 207.

## STATEMENT OF FACTS

20.     Mac's Wrecker Service is a private company that contracts with third-parties to offer towing and wrecking services, including providing those services to the Riverdale Police Department, the Riverdale Code Enforcement and other first responders.

21.    Mac's Wrecker Service is not a retail or service establishment within the meaning of the FLSA because Defendants are primarily engaged in performing towing and heavy-duty wrecker services for police departments or other governmental agencies.

22.    At all relevant times, Defendants have maintained an office in Riverdale, Georgia.

23.    Beginning on or about May 27, 2015, and continuing until on or about August 2, 2022, Defendants employed Plaintiff as both a Driver and Dispatcher.

24.    As a Driver, Plaintiff's job duties primarily including responding to and assisting with car accidents and roll-overs, working with the Riverdale Police Department and other first responders, pulling vehicles out of ditches, transporting vehicles to Defendants' yard, maintaining Defendants' yard, cleaning accident scenes, and completing paperwork.

25.    As a Dispatcher, Plaintiff's job duty primarily included responding to calls directly from the Riverdale Police Department on those occasions when Defendant Scadron or Defendant Smith were unavailable.

26.    In approximately May 2015, upon Plaintiff's hire, Mac's Wrecker Service informed Plaintiff that he would receive a 30% commission per each "call" to which responded and Plaintiff agreed to provide valuable services to Mac's

Wrecker Services in exchange for the promise of such compensation (the "Commissions Agreement").

27.    However, over the course of Plaintiff's employment, Mac's Wrecker Service failed to regularly pay Plaintiff the full 30% commission promised, instead oftentimes paying Plaintiff between approximately 20% to 25% in commissions.

28.    For the vast majority of Plaintiff's employment with Mac's Wrecker Service, Mac's Wrecker Service did not pay Plaintiff the full contracted 30% commission rate.

29.    Each call that Plaintiff was required to respond to varied in value, oftentimes ranging between $95 to $640, based upon the specific towing and/or wrecker service provided at that time.  During the course of his employment, and based on the Commissions Agreement, Plaintiff should have received a 30% commission from each of the calls to which he responded.

30.    Merely as examples, in approximately late 2021, Plaintiff responded to numerous calls valued at varying rates including, but not limited to, $95, $135, $217, $540, and $640, and, in approximately May 2022, Plaintiff responded to calls valued at $155, $400, and $640.  On information and belief, Defendant did not pay Plaintiff the full 30% commission on these calls as promised under the Commissions Agreement.

31.     During the vast majority of Plaintiff's employment with Mac's Wrecker Service, Plaintiff was not paid the full 30% that he was contractually entitled to and was instead paid a commission rate between approximately 20% to 25%.

32.     Plaintiff relied upon Mac's Wrecker Service's promise of commissions in accepting its offer of employment and providing reasonable services to the company.

33.     Plaintiff fully performed under the Commissions Agreement.

34.     In breach of the Commissions Agreement, Mac's Wrecker Service failed to pay Plaintiff the full amount of commissions owed under the Commissions Agreement.

35.     At all relevant times, Plaintiff was an employee pursuant to the FLSA and was not covered by any recognized FLSA exemption.

36.     In violation of the FLSA, Defendants paid Plaintiff a flat weekly rate for each workweek, plus some commissions but without overtime premium pay, regardless of the number of hours worked per week in excess of 40.

37.     Specifically, Defendants paid Plaintiff a flat rate of $400 per workweek, without overtime compensation for time worked in excess of 40 hours per workweek.

38.    Plaintiff worked substantial hours in excess of 40 per week. Specifically, Plaintiff estimates that he worked on average 60-129 hours per workweek throughout his employment with Defendants.

39.    Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because Defendant Scadron and Defendant Smith had actual knowledge of Plaintiff's work hours.  Defendants had actual and specific knowledge of Plaintiff's work hours because Defendants dispatched calls to Plaintiff, to which Plaintiff was required to respond.

40.    During the course of Plaintiff's employment with Defendants, Defendants required Plaintiff to be on-call during each workweek.

41.    Plaintiff was routinely scheduled to work each week from 8 am on Monday until 5 pm on Wednesday, and from 8 am on Thursday until 8 am on Sunday.

42.    Plaintiff was on-call for 24-hour consecutive shifts and was effectively restricted from using the time for personal use.

43.    While on call, Plaintiff: (a) was required to remain within fifteen minutes of Defendants' office or within a five mile radius of the City of Riverdale at all times; (b) wore his work uniform at all times due to the frequency of calls to which he was required to respond; (c) carried his work and personal cell phones at

all times due to frequently receiving calls from the Riverdale Police Department; (d) was required to respond to calls from the Riverdale Police Department within 15-30 minutes of receiving the call; (e) kept Defendants' tow truck parked at his home; and (f) was regularly interrupted and required to respond to calls while running errands and/or out to eat at restaurants.

44.     On average, Plaintiff worked approximately 60-129 hours per workweek throughout his employment with Defendants.

45.     Plaintiff regularly worked well in excess of 40 hours per workweek throughout his employment with Defendants.

46.     Defendants did not compensate Plaintiff for all hours worked beyond 40 per week at one-and-one half times his regular rate of pay.

47.     On information and belief, Defendants did not keep accurate records of the work hours Plaintiff worked, as required by the FLSA.

48.     Defendants' failure to pay Plaintiff one-and-one half his regular rate of pay for hours he worked in excess of 40 was pursuant to a policy and practice Defendants intentionally applied to Plaintiff.

49.     Despite Defendants' knowledge of overtime worked by Plaintiff, Defendants continued their practice of encouraging or knowingly permitting Plaintiff to work overtime hours and failing to pay Plaintiff overtime premium pay

when working overtime hours.

50.     Each and every week that Plaintiff worked more than 40 hours per workweek and was paid a base flat rate of $400 per week, Defendants failed to pay Plaintiff an overtime rate of one-and-one half his regular rate of pay.

51.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

52.     Defendants' failure to pay Plaintiff overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

54.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

55.     Defendants have acted in bad faith and caused Plaintiff unnecessary

trouble and expense.

## COUNT I
### Willful Failure to Pay Overtime Wages in Violation of the FLSA
### (Asserted by Plaintiff against all Defendants)

56.    Defendants violated the FLSA by failing to pay Plaintiff at a rate of one-and-one-half times his regular rate of pay for hours worked in excess of 40 per week.

57.    At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

58.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

59.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

60.    At all relevant times, Defendant Scandron and Defendant Smith asserted control of Mac's Wrecker Service's day-to-day operations, and made the decisions regarding the amount that Plaintiff would be compensated, including the decision not to pay Plaintiff for all hours worked in excess of 40 per week, and are therefore employers within the meaning of the FLSA.

61.    On information and belief, Mac's Wrecker Service had gross revenues in excess of $500,000 at all times relevant to this Complaint.

12

62.   Plaintiff regularly worked substantial hours in excess of 40 per week during the course of his employment with Defendants.

63.   Plaintiff was routinely scheduled to work each week from 8 am on Monday until 5 pm on Wednesday, and from 8 am on Thursday until 8 am on Sunday.

64.   On average, Plaintiff worked approximately 60-129 hours per workweek throughout his employment with Defendants.

65.   Plaintiff was on-call for 24-hour consecutive shifts and was effectively restricted from using the time for personal use.

66.   While on call, Plaintiff: (a) was required to remain within fifteen minutes of Defendants' office or within a five mile radius of the City of Riverdale at all times; (b) wore his work uniform at all times due to the frequency of calls to which he was required to respond; (c) carried his work and personal cell phones at all times due to frequently receiving calls from the Riverdale Police Department; (d) was required to respond to calls from the Riverdale Police Department within 15-30 minutes of receiving the call; (e) kept Defendants' tow truck parked at his home; and (f) was regularly interrupted and required to respond to calls while running errands and/or out to eat at restaurants.

67.   Defendants failed to pay Plaintiff at one-and-one half his regular rate

of pay for all hours worked in excess of 40 per week.

68.    Defendants' willful failure to compensate Plaintiff at a rate of one-and-one half his regular rate for hours worked in excess of 40 per week violated the FLSA.

69.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

70.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

71.    Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) his unpaid overtime wages for all of the hours that he worked in excess of 40 per week during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs of litigation.

## COUNT II
## Breach of Contract - Failure to Pay Commissions
## (Asserted by Plaintiff against Mac's Wrecker Service, Inc.)

72.     The Commissions Agreement is a valid contract that is binding on Mac's Wrecker Service.

73.     The Commissions Agreement imposed a duty of good faith and fair dealing upon Mac's Wrecker Service.

74.     Plaintiff fully performed under the Commissions Agreement.

75.     Mac's Wrecker Service promised to pay Plaintiff a 30% commission for each call to which Plaintiff responded, in exchange for which Plaintiff accepted the position with Mac's Wrecker Service and performed valuable services for Mac's Wrecker Service.

76.     Plaintiff relied upon Mac's Wrecker Service's commission promises in accepting his position and performing valuable services for Mac's Wrecker Service.

77.     During the vast majority of workweeks in which Plaintiff was employed with Mac's Wrecker Service, and in breach of the Commissions Agreement, Mac's Wrecker Service failed to pay Plaintiff the full 30% commission owed to which Plaintiff was entitled.

78.     Mac's Wrecker Service is liable to Plaintiff for breach of contract in the full amount of commissions due to him, plus interest and attorneys' fees and costs.

## COUNT III (PLED IN THE ALTERNATIVE)
### Quantum Meruit
### (Asserted by Plaintiff against Mac's Wrecker Service, Inc.)

79.    In the alternative, Mac's Wrecker Service is liable to Plaintiff for *quantum meruit* in the full amount of commissions owed to him under the Commissions Agreement, plus interest and attorneys' fees and costs.

80.    In reliance on the representation by Mac's Wrecker Service that he would be paid all commissions owed and promised pursuant to the Commissions Agreement, Plaintiff accepted the position with Mac's Wrecker Service and performed valuable services for Mac's Wrecker Service.

81.    The services Plaintiff performed for Mac's Wrecker Service were done at the request of Mac's Wrecker Service, which knowingly accepted such services.

82.    Mac's Wrecker Service's acceptance of Plaintiff's services without payment to him of the full amount of commissions promised pursuant to the Commissions Agreement would be unjust.

83.    At the time Plaintiff performed services for Mac's Wrecker Service, he expected to be paid all commissions owed pursuant to the Commissions Agreement.

84.    At the time Plaintiff performed services for Mac's Wrecker Service, Mac's Wrecker Service knew that he expected Mac's Wrecker Service to pay him all commissions owed pursuant to the Commissions Agreement.

85.    Mac's Wrecker Service is liable to Plaintiff for *quantum meruit* in the full amount owed pursuant to the Commissions Agreement, plus interest and attorneys' fees and costs.

**COUNT IV (PLED IN THE ALTERNATIVE)**
**Promissory Estoppel**
**(Asserted by Plaintiff against Mac's Wrecker Service, Inc.)**

86.    In the alternative, Mac's Wrecker Service is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed pursuant to the Commissions Agreement, plus interest and attorneys' fees and costs.

87.    Mac's Wrecker Service promised Plaintiff that it would provide payment of a 30% commission based on each call to which Plaintiff responded.

88.    Mac's Wrecker Service should have reasonably expected Plaintiff to rely on its promise to pay him the full commissions that he was owed and promised under the Commissions Agreement.

89.    In reliance on the representation by Mac's Wrecker Service that he would be paid the full commissions owed pursuant to the Commissions Agreement, Plaintiff accepted the position with Mac's Wrecker Service and performed valuable services for Mac's Wrecker Service.

90.    Plaintiff relied on Mac's Wrecker Service's promise to his detriment by performing valuable services for Mac's Wrecker Service.

91.    Injustice can only be avoided by enforcing Mac's Wrecker Service's promise to pay Plaintiff the full amount of commissions owed to him pursuant to the Commissions Agreement.

92.    Mac's Wrecker Service is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed pursuant to the Commissions Agreement, plus interest and attorneys' fees and costs.

**COUNT V (PLED IN THE ALTERNATIVE)**
**Unjust Enrichment**
**(Asserted by Plaintiff against Mac's Wrecker Service, Inc.)**

93.    In the alternative, Mac's Wrecker Service is liable to Plaintiff for unjust enrichment in the amount of the full commissions owed pursuant to the Commissions Agreement, plus interest and attorneys' fees and costs.

94.    Mac's Wrecker Service promised Plaintiff that Mac's Wrecker Service would compensate Plaintiff with a 30% commission per each call to which Plaintiff responded.

95.    Mac's Wrecker Service requested that Plaintiff perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Plaintiff would perform valuable services because of Mac's Wrecker Service promise to pay him the full commissions owed pursuant to the Commissions Agreement.

18

96.     In reliance on the representation by Mac's Wrecker Service that he would be paid the full commissions owed pursuant to the Commissions Agreement, Plaintiff performed valuable services for Mac's Wrecker Service and thereby conferred a benefit to Mac's Wrecker Service.

97.     Injustice can only be avoided by enforcing Mac's Wrecker Service's promise to pay Plaintiff the full amount of the commissions owed to him pursuant to the Commissions Agreement.

98.     Mac's Wrecker Service is liable to Plaintiff for unjust enrichment in the amount of the full commissions owed to him pursuant to the Commissions Agreement, plus interest and attorneys' fees and costs.

**COUNT VI**
**Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11**
**(Asserted by Plaintiff against Mac's Wrecker Service, Inc.)**

99.     Mac's Wrecker Service has acted in bad faith, including, but not limited to, its breach of the Commissions Agreement by failing to pay Plaintiff the full amount of commissions to which he was entitled.

100.     In refusing to pay Plaintiff the full amount of commissions owed, Mac's Wrecker Service has caused Plaintiff unnecessary trouble and expense.

101.     Pursuant to O.C.G.A. § 13-6-11, Mac's Wrecker Service is liable for Plaintiff's expenses of litigation, including attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and entry of a judgment granting the following relief:

a)      A declaratory judgment that Defendants' failure to pay overtime to Plaintiff violated the FLSA;

b)      Application of the FLSA's three-year statute of limitations;

c)      An award to Plaintiff of unpaid overtime compensation due under the FLSA;

d)      An award to Plaintiff of liquidated damages under the FLSA;

e)      An award to Plaintiff in the full amount of commissions that he is owed;

f)      An award of prejudgment and post-judgment interest on Plaintiff's claims;

g)      An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

h)      Such other and further relief as this Court deems just and proper.

Respectfully submitted this 6th day of September 2022.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest

Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff